Receipt number AUSFCC-11153688

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

MONUMENT CONSTRUCTION, LLC

    Plaintiff,

    v.

THE UNITED STATES OF AMERICA,

    Defendant.

Case No. _____26-416 C_____

Judge: _____

## COMPLAINT

Plaintiff, Monument Construction, LLC ("Monument"), by and through its undersigned counsel, respectfully files this Complaint against the United States of America, Department of Veterans Affairs ("Government" or "VA") and alleges as follows:

## I.  NATURE OF THE ACTION

1. Monument appeals the deemed denial of its certified claim (the "Claim") for allowable costs incurred in connection with the termination for convenience ("T4C") of Task Order No. 36C246-20-F-0213 under Contract No. VA246-15-D-0055 (the "Contract").

2. The Contract was a firm-fixed price construction contract awarded by the VA for the replacement of pneumatic controls with direct digital controls at the VA Medical Center in Asheville, North Carolina ("VAMC Asheville") at a firm-fixed price of $4,118,700.00.

3. Monument, a Service-Disabled Veteran-Owned Small Business, mobilized and began performance under the Contract, engaging subcontractors and dedicating significant resources to the Project.  From the outset, however, the Government disrupted Monument's orderly performance by repeatedly directing the Project to start and stop, and in July 2021, the

VA ordered a complete pause so it could obtain change order pricing on numerous issues with its own project plans.

4.        Beginning on February 22, 2022, the VA orally informed Monument of its intent to terminate the Contract for convenience—yet failed to issue a formal written termination notice for approximately 20 months.  During this extended period of uncertainty, the VA repeated its oral intent to terminate on three additional occasions, while Monument and its subcontractors remained on standby, continued to incur costs, and were unable to commit their resources to other work.

5.        On October 5, 2023, the VA finally issued a formal T4C.  Monument timely submitted its termination settlement proposal ("TSP") on Standard Form 1436 on December 28, 2023—just 84 days after the formal termination and well within the one-year deadline prescribed by FAR 52.249-2(e).

6.        Rather than negotiate a fair settlement as required by the Federal Acquisition Regulation ("FAR"), the VA unilaterally closed out the Contract without compensating Monument and then erroneously claimed that Monument's submission deadline had expired—when in fact Monument had submitted its TSP months earlier.  The VA returned all remaining project funds to the U.S. Treasury and refused to engage in further settlement negotiations.

7.        On October 20, 2025, Monument submitted a certified Claim in the sum certain of $423,225.91, requesting a Contracting Officer's Final Decision within 60 days.  The Contracting Officer failed to issue any decision, and the Claim is deemed denied by operation of law.

8.        Monument seeks to recover the sum certain of $423,225.91, representing unpaid labor hours, general and administrative costs, settlement preparation expenses, subcontractor

2

settlements, and profit to which Monument is entitled under the terms of the Contract and applicable FAR provisions following the T4C.

## II.    PARTIES AND JURISDICTION

9.    Monument Construction, LLC, is a limited liability company organized under the laws of the State of New Hampshire, with its principal place of business at 149 Lowell Road, Hudson, New Hampshire 03051.  Monument is a Service-Disabled Veteran-Owned Small Business and a government contractor in good standing.

10.    The Defendant is the United States of America acting through the Department of Veterans Affairs.

11.    On June 11, 2020, the VA awarded Monument the Contract which incorporates the Disputes Clause set forth at FAR 52.233-1.

12.    On October 5, 2023, the VA issued a formal notice of T4C of the Contract.

13.    On December 28, 2023, Monument submitted a formal TSP on Standard Form 1436 (Total Cost Basis), 84 days after the effective date of the T4C and well within the one-year deadline prescribed by FAR 52.249-2(e).

14.    On October 20, 2025, Monument submitted its certified Claim to the Contracting Officer in the sum certain of $423,225.91, requesting a final decision within 60 days.  Attached as **Exhibit 1** is a true and accurate copy of the Claim.

15.    Monument's Claim included the following certification:

## VIII.  CERTIFICATION PURSUANT TO FAR 33.207

I certify that the claim is made in good faith; that the supporting data are accurate and complete to the best of my knowledge and belief; that the amount requested accurately reflects the contract adjustment for which the contractor believes the Government is liable; and that I am duly authorized to certify the claim on behalf of the contractor.

To the extent the contractor's Claim incorporates or passes forward the claims of its subcontractors, the contractor believes there are good grounds for said subcontractor claims and has no reason to believe said claims are incorrect.

As the contractor's Claim value exceeds $100,000, in accordance with FAR 33.207, to the best of my knowledge and belief, the cost or pricing data submitted are accurate, complete, and current.

Daniel Proulx, Jr.
Managing Member
Monument Construction, LLC

16.     In response to the Claim, the Contracting Officer issued a letter on February 16, 2026 characterizing Monument's Claim as defective based on statements in the TSP that were addressed and properly certified in the Claim (Contracting Officer's Response).  The Contracting Officer's Response fails to meet the requirements set forth in FAR 33.211(a)(4).  Attached as **Exhibit 2** is a true and accurate copy of the Contracting Officer's Response.

17.     The Contracting Officer failed to issue a Contracting Officer's Final Decision ("COFD") within 60 days or within any reasonable time thereafter.  Accordingly, the Claim is deemed denied pursuant to 41 U.S.C. § 7103(f)(5) and FAR 33.211(g).

18.     To the extent that the Contracting Officer's Response constitutes a COFD, Monument brought this action directly on the Claim in the United States Court of Federal Claims within 12 months from the date of receipt of a COFD.

19.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1491(a)(2) and 41 U.S.C. § 7104(b)(1) because this Complaint constitutes a timely appeal of the deemed denial

of Monument's certified CDA claim arising from an express contract with the United States.

### III.    STATEMENT OF THE FACTS

#### A.    The Contract

20.    On March 19, 2020, the VA issued Solicitation No. 36C24620R0056 ("Solicitation") for Project No. 637-18-12 to replace pneumatic controls with direct digital controls ("DDC") at VAMC Asheville.

21.    On May 7, 2020, Monument submitted its bid in response to the Solicitation.

22.    On June 11, 2020, the VA awarded the Contract to Monument for the firm fixed price of $4,118,700.00 under Contract No. VA246-15-D-0055, Task Order No. 36C246-20-F-0213, Purchase Obligation No. 637C00171.

23.    Monument's scope of work under the Contract included (1) the complete demolition of existing pneumatic systems in buildings 47 and 62, (2) conversion of pneumatic controls to DDC controls in buildings 14, 47, and 63, (3) integration of existing DDC controls into the campus system in buildings 15, 63, and 65, and (4) installation of monitoring points into buildings 2, 3, 4, 5, 6, 7, 11, 12, and 64, tying them into the existing central Building Automation System (collectively, the "Project").

#### B.    Performance and Government-Caused Delays

24.    Monument mobilized and began performance of the Contract, engaging subcontractors to perform portions of the work, including Automation Systems, Inc. ("ASI") and C.K. Concrete, Inc. ("CKC").

25.    ASI was awarded its subcontract on December 18, 2020, and was given a Notice to Proceed on February 15, 2021, at which time it mobilized to the site.

26.    CKC began dedicating resources to the project in November 2020, investing approximately 285 man-hours and approximately $1,520.14 in travel expenses during the pre-contract period, for total startup costs of approximately $22,895.14.

27.    During the period from March 2021 to July 2021, CKC performed work on the Project that was approved by the VA and invoiced in the amount of $78,384.00, representing approximately 7% of CKC's subcontract value.

28.    During this same period, the VA directed the Project to be started and stopped multiple times, disrupting orderly performance.

29.    In July 2021, the Government directed that the Project be paused entirely so the VA could obtain change order pricing on numerous issues with the project plans.

30.    This Government-directed pause significantly impacted performance and left Monument and its subcontractors on standby awaiting further direction from the VA.

**C.    The Government's Repeated Oral Terminations Without Formal Notice**

31.    On February 22, 2022, the VA informed Monument of its intent to terminate the Contract for the convenience of the Government via a phone conversation between Monument's representative, Michael Gearan, and VA Contracting Officer, Keith Hunter.

32.    Monument promptly requested that the termination notice be formalized in writing.

33.    The VA did not issue a formal written notice of termination.  Instead, the Government orally repeated its intent to terminate the Contract for convenience on three additional occasions—June 14, 2022, March 28, 2023, and April 18, 2023—without ever issuing a written notice.

34.     During this extended period of uncertainty, spanning approximately 20 months from the initial oral termination to the eventual formal notice, Monument remained on standby and continued to communicate its readiness and intent to complete the Project, but received little to no meaningful information from the VA regarding the status of the Contract.

35.     Monument's subcontractors, ASI and CKC, were likewise left without clear direction during this period.

36.     ASI had employees on the site who were idle but in a pay status, and ASI continued to incur overhead, general and administrative, and indirect costs associated with the Project.

37.     CKC was unable to perform work under the Contract and was simultaneously unable to commit its resources to other projects because of the VA's repeated failure to issue a written notice of termination.

**D.     The Formal Termination For Convenience**

38.     On October 5, 2023, the VA issued a formal T4C under FAR 52.249-1 (Alternate I) through an email from VA Contract Specialist Shirley Gregory to Monument's Daniel Proulx and Michael Gearan.  The termination was effective immediately upon receipt.

39.     On October 10, 2023, Michael Gearan confirmed receipt of the notice via email.

**E.     Monument's Timely Submission of Settlement Proposals**

40.     Prior to the formal T4C, and in reliance on the VA's repeated oral representations that the Contract would be terminated, Monument submitted a preliminary TSP to the VA on January 11, 2023.  The VA did not respond to or negotiate this preliminary TSP.

41.     On August 17, 2023, Monument submitted a revised TSP ("Revision 1") as requested by the VA Contract Specialist Shirley Gregory.

42.    Following the formal T4C on October 5, 2023, Monument and the VA met at the VA's Asheville headquarters to discuss the termination and begin negotiations toward an equitable settlement.

43.    On December 28, 2023, Monument submitted its formal TSP on Standard Form 1436 (Total Cost Basis), 84 days after the formal notice of termination and well within the one-year time limit prescribed by FAR 52.249-2(e).

**F.    The Government's Wrongful Denial of Monument's TSP and Certified Claim**

44.    On October 21, 2024, the VA issued Unilateral Contract Modification P0002 to close out the Contract—without compensating Monument for its termination settlement costs.

45.    On November 15, 2024, Contracting Officer Patrick Stultz informed Monument that the timeframe for settlement costs associated with the T4C had expired in accordance with FAR 49.206-1 and all funding available for the Project had been returned to the U.S. Treasury.

46.    Contracting Officer Stultz's assertion was erroneous.  Monument had timely submitted its formal TSP on December 28, 2023—84 days after the effective date of the termination and well within the one-year period prescribed by FAR 52.249-2(e).

47.    Despite Monument's timely compliance with all applicable submission requirements, the VA refused to compensate Monument for its allowable costs and refused to engage in further settlement negotiations.

48.    On October 20, 2025, Monument submitted a certified claim in the sum certain of $423,225.91 pursuant to the Contract Disputes Act and FAR Subpart 33.2, as incorporated by reference in the Contract through FAR 52.233-1, and requested a COFD within 60 days.

49.    The Contracting Officer failed to issue a final decision within 60 days or within any reasonable time thereafter.

50.     The Contracting Officer's failure to issue a timely COFD constitutes a deemed denial of the Claim pursuant to 41 U.S.C. § 7103(f).

**G.     Allowable Costs Incurred as a Result of the T4C**

51.     As a result of the T4C, Monument incurred allowable costs, which can be broken down as follows:

| Category | Amount Owed |
|---|---|
| Unpaid Labor Hours | $22,060.30 |
| General and Administrative Costs | $47,264.52 |
| Settlement Preparation | $67,362.10 |
| Subcontractor Settlements | $248,063.91 |
| SUBTOTAL | $384,750.83 |
| Profit (10%) | $38,475.08 |
| TOTAL | $423,225.91 |

52.     Monument incurred $22,060.30 in unpaid labor hours from work performed by Monument personnel from December 1, 2021, to February 22, 2022.  These costs are documented in Job Labor Journal entries that were attached to Monument's TSP and Claim.

53.     Monument incurred $47,264.52 in general and administrative ("G&A") costs representing home office general conditions over 83 calendar days (December 1, 2021, to February 22, 2022), during which Monument remained on standby to perform work at the Government's direction.

54.     Monument's G&A rate was developed from its bid submitted on May 7, 2020, in which it proposed overhead costs of $150,673.00 based upon a 4% rate of its total costs of $3,766,818.00.

55.     Monument incurred $67,362.10 in settlement preparation costs, including personnel costs and legal fees incurred after February 22, 2022, when the VA first orally communicated its intent to terminate the Contract for convenience.

9

56.    Monument's subcontractors, ASI and CKC, incurred $248,063.91 in allowable costs related to the termination.

57.    ASI incurred $25,863.29 in unrecovered expenses related to its September 2021 Pay Application #8 representing work performed on ACA Building terminal units, Building 47 fifth floor terminal units, and Building 62 terminal units.

58.    CKC incurred $222,200.62 in unrecovered expenses attributable to the T4C, broken down as follows: $21,292.48 in start-up costs, $151,475.25 in overhead, $8,032.89 in unpaid labor and materials, and $41,400 for schedule of values billing error.

59.    Monument is entitled to recover reasonable profit of $38,475.08, calculated at the standard rate of 10% applied to the subtotal of Monument's incurred allowable costs of $384,750.83.

## IV.    COUNTS

### Count I – Breach of Contract
### (Failure to Pay Termination for Convenience Costs)

60.    Monument incorporates by reference all foregoing paragraphs as if fully set forth herein.

61.    The Contract contains FAR 52.249-2. Termination for Convenience of the Government (Fixed-Price) – Alternate I, which governs the rights and obligation of the parties following a T4C.

62.    Under FAR 52.249-2(e), a contractor must submits its final termination settlement proposal to the Contracting Officer no later than one year from the effective date of the termination. Monument timely submitted its formal TSP on December 28, 2023.

63.     Under FAR 52.249-2(g), where the contractor and Contracting Officer fail to agree on the whole amount to be paid as a result of the termination, the Contracting Officer is required to pay the contractor its allowable costs plus reasonable profit on those costs.

64.     Monument's TSP requested $423,225.91 in allowable costs and profit, and Monument subsequently submitted a certified Claim on October 20, 2025.

65.     Despite Monument's timely compliance with all contractual and regulatory requirements, the Government refused to compensate Monument for its allowable costs and profit and refused to engage in further settlement negotiations.

66.     The Contracting Officer failed to issue a COFD, and the Claim was deemed denied.

67.     As a direct and proximate result of the Government's breach of the Contract, Monument has suffered damages in the amount of $423,225.91.

## V.    PRAYER FOR RELIEF

WHEREFORE, Monument respectfully requests that this Court enter judgment against the United States of America and award the following relief:

A.     Damages in the amount of $423,225.91, representing Monument's allowable costs and profit arising from the termination of the Contract for the convenience of the Government;

B.     CDA interest on the above amount from October 20, 2025, the date of submission of Monument's certified claim, as provided by the Contract Disputes Act, 41 U.S.C. § 7109;

C.     Costs of this action as permitted by law; and

D.     Such other and further relief as this Court deems just and proper.

Respectfully submitted this 16 of March 2026.

/s/ Diana Lyn Curtis Shutzer
Diana Lyn Curtis Shutzer
Nicholas Solosky
Nicholas Feldstern
**FOX ROTHSCHILD LLP**
2020 K St. NW, Suite 500
Washington, DC 20006
Phone:  (202) 794-1208
dshutzer@foxrothschild.com
nsolosky@foxrothschild.com
nfeldstern@foxrothschild.com

*Counsel of Record for Monument Construction, LLC*